Edward F. Bezdecki
401 Washington Street
Toms River, New Jersey 08753
(732) 349-5066
NJ ID NO: 023231985
PA ID NO: 45115
Attorney for Plaintiff

**UNITED STATES OF AMERICA DISTRICT COURT
FOR THE DISTRICT COURT OF NEW JERSEY
TRENTON VICINAGE**

| | |
|---|---|
| TREASURES LONDON LIMITED (COMPANY NUMBER 10595313) and HARJIT SINGH ATHWAL<br><br>Plaintiffs<br><br>v.<br><br>POONAM KESWANI, a/k/a PARIS KESWANI a/k/a POONAM PARIS KESWANI; TREASURES OF PRINCE, LLC (ENTITY ID: 201227310128) A CALIFORNIA COMPANY;<br><br>Defendant | UNITED STATES DISTRICT COURT DISTRICT OF New Jersey<br><br>Civil Action<br><br>Case number: 3:18-CV-14347-BRM-LHG<br><br>MEMORANDUM OF LAW |

**MEMORANDUM OF LAW OF PLAINTIFFS HARJIT SINGH ATHWAL
AND TREASURES LONDON LIMITED (COMPANY NUMBER 10595313)
TO DENY THE APPLICATION OF DEFENDANTS POONAM KESWANI ET
AL TO VACATE DEFAULT**

DATED: 1-23-19

_____
EDWARD F. BEZDECKI

## *TABLE OF CONTENTS*

| | Page(s) |
|---|---|
| Preliminary Statement | 1 |
| Argument | 2 |
| Conclusion | 5 |

# TABLE OF AUTHORITIES

**CASES**                                                          **PAGE(S)**

Johnson vs. Cyklop Strapping Corp............................................  3

Morristown Housing Authority vs. Little....................................  3

DYFS vs. MG.....................................................................................  4

Marder vs. Realty Construction Company..............................  4

**RULES**

Rule 4:50-1.......................................................................................  3

Rule 4:4-2.........................................................................................  3

Rule 4:9-2.........................................................................................  3

Rule 1:7-4.........................................................................................  3

Rule 4:43-3......................................................................................  4

Rule 1331..........................................................................................  4

Rule 1332..........................................................................................  4

**STATUTES**

220 NJ Super 250 (App. Div. 1987), Cert. Den.
    110 NJ 196 (1988)....................................................................  3

Moore, Federal Practices (2d. ed.) Section 60.27 (1, P.346, 347)...  3

110 NJ 196 (1988)..............................................................................  3

427 NJ Super 154, 171 (App. Div. 2012)..................................  4

84 NJ Super 313, 319 (App. Div. Affd. 43 NJ 508 1964).............  4

## **PRELIMINARY STATEMENT**

As can be seen by the Certification of Harjit Singh Athwal ("Athwal"), it is undenied by Poonam Keswani ("Keswani") Defendant and her companies that Athwal and his company Treasures London Limited ("TLL") loaned Keswani and the other Defendants monies with the promise of repayment. The sum having been acknowledged, as a debt due to TLL, by Keswani's accountant in the sum of $2,000,000.00 as at November, 2017 and furthermore personally guaranteed by Keswani herself. The total sum at present stands at circa $2,500,000.00, which includes legal costs, professional fees and loss of profit incurred by Athwal and TLL.

Copies of previous filings with this Court are attached as Exhibit "A".

Keswani made representations that she would repay Athwal and TLL, but those promises became fallow and no payments were forthcoming other than a minor payment which acknowledged the debt. Confer Athwal's Certification Exhibit "B".

At this point in time, Keswani had attorneys contact the office of Edward F. Bezdecki representing that they would be retained by Keswani and that they would be filing papers before the Court. Confer letter from Clyde Mitchell Monday, November 5, 2018. Exhibit "C".

There was initially phone as well as correspondence contact by Clyde Mitchell, a New York Attorney not licensed in New Jersey. Attorney Mitchell would not accept service. Instead Attorney Mitchell stated a settlement proposal was forthcoming. No such proposal ever was sent.

The next contact was by Attorney Hersowitz by phone. Although not accepting service, it was clear he had a copy of the Complaint. Presently there is a filing before Court by Melvin S. Hersowitz, Esq., 630 3rd Avenue, New York, New York 10017, alleging that he is representing Keswani and the other Defendants, albeit nowhere in the pleadings does Mr. Hersowitz provide proof that he is a licensed New Jersey Attorney and therefore there is no New Jersey license Identification Number which is required by Court Rule at this juncture.

Therefore, it is questionable whether or not Attorney Hersowitz is even properly representing the Defendants as a licensed Attorney in New Jersey. Attorney Hersowitz only lists a New York address.

## ARGUMENT

1. Petitioner, Keswani and other Defendants seek to set aside the Default which was entered by Clerk of Court on December 19, 2018.

Plaintiff was put through the process of having to track down Keswani at the building where Keswani resided in Manhattan and other venues trying to serve Keswani.

2. Eventually after due diligence, numerous attempts and an extensive investigation to locate Keswani and her companies they were served confer the Affidavit of the Process Server, attached as Exhibit "D".

3. Defendants now seek to set aside the default that was properly entered without following the appropriate Court Rules.

4. Rule 4:50-1 Grounds of Motion provides *inter alia*:

> On Motion, with Briefs and upon such terms as are just, the Court may relieve a party or the party's legal representative from a final judgment or Order for the following reasons: (a) mistake, inadvertence, surprise (b) newly discovered evidence... (c) Fraud... (d) The judgment for order is void; (e) the judgment or order has been satisfied... the Rule, A- E is not applicable and the only Hook that Defendants may rely upon is (f) any other reason justifying relief from the operation of the judgment or order. Emphasis supplied.

5. The Rule applies to final orders and judgments, confer Johnson vs. Cyklop Strapping Corp., 220 NJ Super 250 (App. Div. 1987), Cert. Den. 110 NJ 196 (1988) also confer Rule 1:7-4, Rule 4:4-2 and Rule 4:9-2.

6. Although it is absolutely not necessary for the application by the Defendants herein to state a particular subsection pursuant to which relief from the judgment is sought; Confer Number 7, Moore, Federal Practices (2d. ed.) Section 60.27 (1, P.346, 347). Also Morristown Housing Authority

vs. Little, 135 NJ 274 (1994). However, in its pleadings, provide no Brief, nor any logical justification for setting aside lawfully obtained judgment.

7. The setting aside of a Default Judgment is also governed by Rule 4:43-3. Rule 4:43-3 provides for the vacation of a default judgment pursuant to this rule. Confer DYFS vs. MG 427 NJ Super 154, 171 (App. Div. 2012) distinguishing the standards to be applied in either case. An application to vacate a default judgment is viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end of a just result is breached citing Marder vs. Realty Construction Company 84 NJ Super 313, 319 (App. Div. Affd. 43 NJ 508 1964).

8. Nowhere contained within the papers filed by the Defendants Attorney, Mr. Hersowitz, is there any reference to any of the rules to set aside the default.

9. Defendant's petition fails to satisfy the requirements of either rule. Plaintiff has stated a claim against the Defendants individually and collectively and instead of responding to the merits the petitioner Keswani merely cites the fact that there is a lack of jurisdiction without anything more. The Defendants don't realize that diversity of citizenship under Rule 1331 and 1332 are applicable and jurisdiction is more than appropriate.

10. Because the Defendants individually and Keswani merely reside across the Hudson River in New York is no inconvenience and jurisdiction is appropriate as well as venue.

## CONCLUSION

It is therefore respectfully requested the Court deny the application for relief requested by the Defendants.

Respectfully requested,

1-23-19

EDWARD F. BEZDECKI