IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

TREASURES LONDON LIMITED, et al.,

    Plaintiffs,

v.

POONAM KESWANI, et al.,

    Defendants.

Civ. A. No.: 3:18-cv-14347-BRM-LHG

**MEMORANDUM AND ORDER**

**THIS MATTER** is before this Court on Defendant Poonam Keswani's ("Keswani") Motion to vacate the Clerk's Entry of Default against him and to dismiss the complaint for lack of jurisdiction. Plaintiff Treasures London Limited ("Treasures London") and Harjit Singh Athwal ("Athwal") (collectively, "Plaintiffs") oppose the Motion. (ECF No. 7.)

To set aside an entry of default, Federal Rule of Civil Procedure 55 permits "[t]he court [to] set aside an entry of default for good cause" at its discretion. Fed. R. Civ. P. 55(c); *see Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). Entry of defaults are not favored and doubtful cases are to be resolved in favor of the party moving to set aside the default so that cases may be decided on the merits. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). To determine whether good cause exists to vacate the entry of default, the Court looks at the following factors: (1) prejudice to the plaintiff; (2) whether the default was entered due to the culpable conduct of the defaulting party; (3) availability of a meritorious defense; and (4) the effectiveness of alternative sanctions.[1] *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir.

---

[1] This last factor is not always considered by the Third Circuit. *See, e.g.*, *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).

1987) (citing *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

The Court has reviewed the Motion and the numerous filings[2] submitted in connection therewith and enters its decision without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

**IT APPEARING THAT:**

1. Plaintiffs filed a Complaint on September 27, 2018, asserting this Court's jurisdiction pursuant to 28 U.S.C. § 1332 and 18 U.S.C. § 63. (Compl. (ECF No. 1), § Jurisdiction.)[3]

2. Keswani was served on November 15, 2018, at his New York, NY home by service on his doorman. (ECF No. 3.)

3. On December 19, 2018, default was entered against Keswani. (Clerk's Entry, dated Dec. 19, 2018.)

4. On January 3, 2019, Keswani moved to vacate the default and to dismiss the complaint for lack of jurisdiction. (ECF No. 6.)

5. Vacating default is appropriate in this matter because there appears to be a meritorious defense, *i.e.*, lack of jurisdiction.

6. Plaintiffs' Complaint does not set forth allegations sufficient to support diversity jurisdiction. It states only:

    a. Plaintiffs are "residents of London, England" and that Treasures London is registered in the United States through Plaintiffs' counsel's office in New Jersey. (ECF No. 1 § Parties and Count Two ¶ 8.)

---

[2] The parties have engaged in a letter writing campaign in connection with the Motion. (ECF Nos. 9, 10.) While the Court has reviewed the letters, the substance of them have no bearing on the outcome of the Motion.

[3] The several paragraphs in the Complaint are unnumbered and, where they are numbered, they are not continuously so.

  b. Keswani "is a US citizen" and "is a resident and domiciled in New York City, State of New York." (ECF No. 1, Count Two, ¶¶ 2, 8.)

  c. Defendant Treasures of Prince LLC's "last known registered office address[es]" are in New York and California. (ECF No. 1 § Parties ¶ 3.)

7. Plaintiffs' Complaint does not sufficiently allege a federal question.

Accordingly, for the reasons set forth herein and for good cause appearing,

**IT IS** on this 7th day of February 2019,

**ORDERED** that Keswani's Motion to Vacate the Default and Dismiss the Complaint (ECF No. 6) is **GRANTED**, the Clerk's Entry of Default is **VACATED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiffs may, by March 1, 2019, file a motion to reopen which shall (1) show cause why this Court has jurisdiction, citing to the appropriate federal laws, cases, statutes, and court rules;[4] and (2) include an amended complaint that sufficiently alleges this Court's jurisdiction.

               */s/ Brian R. Martinotti*
               **HON. BRIAN R. MARTINOTTI**
               **UNITED STATES DISTRICT JUDGE**

---

[4] Plaintiffs' opposition to this Motion relied on New Jersey state law and court rules.